Case No. 14-1515, Tynnetta Dean-Lis v. John McHugh Argument not to exceed 15 minutes per side Ms. Stacy for the appellant Thank you, Your Honor. I'm Francie Stacy appearing on behalf of the appellant, Tynnetta Dean-Lis and I've reserved five minutes for rebuttal Thank you. You may proceed Thank you. This case involves a long-term employee who made a number of gains in her employment because she filed EEOC charges and then she essentially lost all of the gains she made because of retaliation The district court, we've argued, granted summary judgment to the Department of the Army and they did it cheaply There are two claims in this case The first claim is a retaliation claim for exercising rights protected by Title VII The second claim is a retaliatory harassment claim which, again, involves protected activity Could I interrupt you for a second? Sure I'm just curious about something that nobody has talked about and nobody briefed and it sort of occurred to me when I'm reading this The period of time that is subsequent to these earlier complaints and settlements appears to cover a period when she was never at work She was always on medical leave Am I matching these dates up correctly? Some of the dates She was on medical leave, I think, beginning sometime in 2008 and then she finally retired based on disability in 2009 But what you're saying is you start out by saying after all these prior things they ended up transferring her into a new job which you characterize as having taken away all the benefits that she achieved in her earlier complaints Right? That's one thing that happened, yes Now, if she never set foot on her employer's premises in connection with this new job and I'm not blaming her for that She's out on what appears to be, for all we know, a legitimate medical leave Here's what I'm trying to figure out How can there be How can somebody be sued for employing a hostile environment and be responsible for that if the person that's complaining about it was never in the environment? Well, she was in the environment prior to going off on medical leave So, for the hostile environment retaliation claim the court went back back to 2005 I understand how on retaliation we go, there's a difference a more liberal standard, shall we say where you can go back and take earlier things into account So, I get that But that would mean, in answer to my question you're really complaining about these earlier things having established informing the environment when she's not there So, how is that? Well, to a certain extent part of the reason why she wasn't there after she was essentially demoted to this other position with no career path and no progression is because of the impact that had on her health Okay, I get the retaliation claim I see where you make that in the retaliation claim But you're making two claims How can she be I'll just say one more time what I said Retaliation, we'll put that aside for a second How did she make a hostile environment claim when she was not in the environment? Well, part of her hostile environment claim is that while she was on leave she was harassed because her supervisor would call her at home and continually ask her when she was coming back from leave and she didn't know the answer to that Okay, how many times did she interact with her job or her employers during the time that she was home on medical leave? I don't know the exact number I would say four or five times at the most And one of the issues that happened was that in the course of her being on leave she was put out of leave without pay which is another example of retaliation in a hostile environment Let me ask you kind of a prosaic procedural question The Army in its motion for summary judgment said that you have not shown an adverse employment action And then as I understand the briefing of the district court your client's response said that the adverse employment action is documented in the plaintiff's affidavit Now we have a rule in our circuit that the district court doesn't have to go way through and search the record for specific facts supporting a genuine issue of inferior effect The district court said that applied here because the affidavit to which the court was directed was a 31-page document that it said was rambling and conclusive Why isn't that a fair application of our procedural rule? Well I think that, I will concede that that is a fair application What the district court did however is on pages maybe 5-9 of their opinion they set forth, the court set forth a number of different facts that could comprise a retaliation claim And the argument today is if you look at the Laster case which I cited in my brief and which the court is aware of The issue is, she didn't According to the district court, did not make a prima facie case But there are two pieces of that that are not disputed One is that she engaged in protected activity The second is that her supervisors knew about it Obviously the HR department knew about it I guess before we just leave the procedural issue I mean, it would seem like that could be a sufficient basis for affirmance Do I understand your argument to be that the court sort of went beyond that and in fact addressed the merits of the record? The court cited other things in addition to the affidavit that it would comprise the retaliation claim for either retaliation or retaliatory hostile environment But am I right that after doing that the court then after having said all the things that you complained about which is Chuck Goldin The district judge then narrowed the scope of the retaliation claim to only two acts of retaliation That's true, there are two acts of retaliation for the first claim, count one but the second claim is hostile environment retaliation and in that piece of the in that count, the court went backwards and listed a number of other different facts that could potentially comprise a retaliatory harassing environment and the issue I think now before this court is assuming that all those facts are not disputed or they're disputed because there's a conflict between who said what What the district court did not do was look to determine whether those facts were constituted materially adverse actions that could lead to at least a genuine issue of fact and allow the case to go to trial It seems to be the problem is we need to keep separate what we're analytically addressing is the retaliation claim and the hostile environment So you agree that we're down to just two actions that constitute the retaliation claim because you haven't appealed that That's true, yeah I'm not suggesting that there are other claims So the one of these allegedly false statements to the payroll manager and the performance review authority that as I understand the record shows were corrected as soon as your client learned about it and went away I'm not sure they were completely corrected but she made people aware of them and something happened that I don't know what She's not currently complaining they never got corrected No, she's not currently complaining And then the second thing was this business about providing Senator Stabenow a copy of a file and the government said, well, the investigation isn't complete Your client in the deposition conceded that it didn't get completed because people that were assigned to do it That's correct So at the end of the day I'm really having a lot of trouble figuring out why those two things were an adverse employment action or even if they were where there's any evidence that says the reason for those things were in retaliation for these prior claims that got subbed Well, I think that's part of the point is that the jury should be allowed to decide what way to give that sort of evidence and if you look at the entire case in context I mean, that's what really matters in a retaliation case We don't, in the retaliation claim you've conceded we're down to two things Well, but that's We'll get to the hospital environment in a second So in retaliation, we're just down to those two things That's correct Anything else you want to tell us about why those are materially adverse? No, only to cite the last year decision in terms of what that means in the context of the retaliation What is the evidence that they were caused by the retaliation for filing the EEOC? Other than temporal proximity Temporal proximity is the evidence I would concede that, yes So then we go on to the hospital environment Now, we broaden, then, the scope of what we look at We're not limited to these two different things There might have been an error in connection with doing that So we look at these whole things The two things that were the frame of the retaliation claim occurred when she was not even at work So those things we just look at at these four different phone calls, right? Correct Now, you want that to be informed by the earlier hospital environment things Here's where I'm also confused there You either didn't exhaust on those things or, if you did, they're bound by the two settlement agreements Aren't they? No, because the first settlement agreement was based on a discrimination claim So there was no retaliation piece involved there The second claim, the second case that was settled only involved restoration of sick leave that had been taken away And her demotion to the APM position was not resolved in that claim She didn't complain about it I don't believe in that claim So the third claim was sort of, here's the entire circumstances all of the things that are surrounding this woman's employment and how she's treated on a day-by-day basis So she wasn't claiming a hospital environment in these earlier periods for the reasons that you've explained Correct She's now, in this third proceeding, saying there's a hospital environment and it's been hostile since the beginning of these events, right? That's correct, yes So, at some point, has she presented the hospital environment in these earlier periods to the Army? Yes, in this third claim that she's filed the case that we're here on today And that could go back for 20 years? No, it goes back the district court I'm not arguing with the district court in terms of what they listed as the various different things that occurred So it would be the demotion it would be taking away her sick pay calling her while she's out on leave putting her on leave without pay And, you know, the Army has a reason or they're stating the reason as to why they did all those things but that's where the facts conflict and that's where there's a disputed question and that's why summary judgment was improved Okay, we'll have your rebuttal Thank you Good morning, Laura Segal on behalf of Defendant I will address some of the arguments that the plaintiff made just now The plaintiff's burden below was to bring forward facts to survive motion for summary judgment A lot of what has been discussed by the plaintiff today is about allegations and not facts So the plaintiff points to the district court opinion and says there are pages and pages of facts and then the district court judge did not in fact take them into consideration and too quickly granted summary judgment The district court opinion in fact recites the allegations that were made both in the district court complaint the EEO complaint the amendments to the EEO complaint and the plaintiff's affidavit attached to the opposition for summary judgment Those aren't facts Those are allegations So if we were here on a 12 v. 6 motion we wouldn't be having a different conversation Did she plead it sufficiently? And in fact below I argued she did not plead it sufficiently But we're not there We're at the point where the plaintiff needs to come forward with evidence and evidence has not been produced The affidavit would point to Okay, here's our evidence Here's the smoking gun But looking at the affidavit again it is a re-recitation of all of the allegations that were made earlier It's not what plaintiff saw or heard It's kind of conclusory I guess Is that what you're saying? It is You know, I mean they said false things about me but there's no description of what when I made things unbearable or whatever But it's sort of like a complaint Yes, I would say it is allegations Even as allegations the allegations are vague and not particularly detailed And then the affidavit and plaintiff's evidence in general contradicts itself On the point for instance of Mr. Orlando saying the N-word in the fact-finding conference She states I heard from someone else that he said this In the deposition when asked about this she said I heard that directly And obviously one can't change one's testimony midstream to survive summary judgment So I guess my main point today would be we can talk all day about how it's alleged there's not evidence in the record Plaintiff here argued I believe she just made a mistake here that there is not a disagreement about whether the employer knew about protected activity And she's correct that it wasn't framed as us contesting that second element of the employment discrimination before part test That is we didn't say the employer didn't know However on the causation question that issue of knowledge did come into play So of course we're arguing that Mr. Carr who was one of the four main alleged harassers or retaliators testified in the fact-finding conference that he did not know about her earlier allegations EEO allegations the 2004 allegations until he showed up that day in the fact-finding conference So that's just a correction there It wasn't framed probably as a lack of knowledge but it comes back up in the causation part What's your understanding as to whether the hostile environment that she's complaining about was the environment during the time that she was on leave or whether she's actually complaining about a hostile environment in an earlier period It gets confusing because you can use the earlier events to inform how somebody would interpret what was occurring to them during the relevant period But she seems to be saying the relevant period is the earlier period as well So what do you think we're talking about? Yeah, my understanding is and I'll switch and be playing as counsel for a moment This is the case that that hostile environment went back perhaps even to the time of the 2004 EEO case that was settled And the district court judge has allowed me to go all the way back to that That's a question of law I'm not disputing this And again, I'm being playing as counsel That hostile environment continued during the period in which Plaintiff was out of work out of the office, that is So that would be between May 2008 and May 2009 when she retires Now Kay, have you found any cases that speak to whether, that speak to liability for maintaining a hostile environment when a period during a period when you're not in that environment? I have not found those cases, Your Honor And she would claim that the hostile environment was a product of phone conversations and actions One action perhaps that took place during that period of time when she was out of work and that would be the cancellation of her health insurance in the fall of 2008 So do you agree with her characterization of there's probably one action and four phone calls during the period when she was on leave that she contends as this adverse employment action? Yes, in terms of construing the allegations and construing her argument Yes, I would agree with that One of the other points I'd like to make about the hostile environment is that Planoff is wanting to go back to that allegedly discriminatory reassignment that took place right before she went out on leave So that would be May 25th was the effective date for her reassignment to the milestone position She went out on leave May 23rd and this is 2008 we're talking about There, that was the specific subject of the EEO complaint that was settled in October of 2008 So Planoff's counsel here perhaps misspoke when she states that in that second EEO complaint that was settled while she was on her leave that the reassignment was not treated In fact, that was the key and this is at page ID 595 and 596 in the record What she seems to be saying is where I just get confused There are certain things that happen to me over a long period of time and you could arguably use those things that happen both for a discrimination claim when they happen and a hospital environment claim but what seems to be happening is she made the discrimination claims and these two earlier EEOC proceedings they got resolved instead of using the same things in connection with another legal theory that she's assigning to that in connection with her third claim See what I'm saying? Yes Now, can you do that? It seems to be odd although lots of this employment stuff would arguably be described as odd that you can make your EEOC complaint about a discrete thing that happened and complain about one legal theory in the complaint but still have the ability to use that same event for a different legal theory later on without having ever exhausted that You gotta make your claim under the EEOC laws which I assume apply here to the government through what the what's the name of the act that applies that to the government? Is this an organizational act or is this just the EEOC law? This is well, these would be originally race claims so it would be Title VII even against the federal government and then the retaliation claim would be a positive action under Title VII So yeah, that would be even against the federal government that would be Title VII and then the EEOC regulation You gotta make the claim within a certain period of time Yes So my point is how do you sort of save up these claims that at least under one theory you resolve and then use them again later? How do you do that? I suppose in theory the plaintiff could say I didn't realize all of this was a hostile environment until these last anchoring acts occurred these last acts within the 45 days that I went to the EEO counselor and now I see all that other stuff in the past was part of that pattern I'm speaking in theory just to answer your question not about this case in which many of those things were not raised and in fact as I alluded to a few moments ago specifically that reassignment which she tries to make part of the environment case was the sole allegation in that 2008 EEO complaint the second EEO complaint that was settled in October of 2008 and of course that settlement agreement which again is a 595-596 of the record states a language I couldn't quote to you but basically that the plaintiff cannot come back with that same claim against the federal government and I have to say hindsight is 20-20 defendant could have emphasized that more so in the briefs that is that that particular discriminatory reassignment was off limits because of the settlement agreement she had signed in the fall of 2008 but you're not also making that same argument with respect to the first settlement agreement in connection with any overlap in the subject matter that was of the first complaint as I see it the way the plaintiff is pleading it she is not including claims that would have happened in time to be settled in the in the 2004 but you think she is incorporating at least one thing in the second complaint yes absolutely not only one thing but the only thing in the in the second complaint at least as far as it's framed in the settlement agreement well that that's a helpful clarification thank you yes we haven't talked too much about causation and I just want to get in a point on that and that is we have the knowledge question I was just talking about with respect to Mr. Carr but also with respect to Lieutenant Colonel Winbury and Mr. Kaskulovich there is evidence testimony by the plaintiff herself saying and one of the few pieces of evidence we have in the record saying Lieutenant Colonel Winbury did not retaliate against me because of earlier EO activity in fact he was angry with me because I did not help him get Keith Powell another employee so in her deposition testimony she states if anything Lieutenant Colonel Winbury said I am not retaliating against you for anything in the past and in her as I said in her testimony she states it very clearly that it's because of an internal dispute with Keith Powell and then with respect to Mr. Kaskulovich another of the four alleged harassers retaliators plaintiff herself testifies quite clearly he was only doing what he was told by Lieutenant Colonel Winbury who was his boss to the extent he did anything that was retaliatory or harassing that was only because his boss told him and again we have the boss telling him that only because of this interpersonal conflict regarding Keith Powell so those parts of the record are pointed to in our brief obviously and as I said one of the few pieces of evidence in the case and very important because the causation argument falls out entirely once you eliminate Carr who didn't have knowledge and Kaskulovich who did these bad acts allegedly because his boss told him to and Lieutenant Colonel Winbury who did these alleged acts because of a dispute regarding Keith Powell so going at it from the causation end of it plaintiff does not have the case this is of course an error correcting court and looking to what the plaintiff alleges were errors we have again what she has said here that summer judgment was granted too soon and she emphasizes the language totality of the circumstances context fully considering the circumstances was not done by the district court this is all alleged in her brief but again when she herself is reciting facts in her appellate brief she points back to the district court she points to seven pages of the district court order 878-884 of the page ID showing in fact seven pages where the district court goes on treating quite carefully and in detail what the district court took them very seriously plaintiff's discovery in this case was half-hearted there was one set of written discovery one deposition and there are no facts that are put on by plaintiff in her opposition to summary judgment that come out of that deposition or out of that discovery I mean tellingly it is only plaintiff's own affidavit which as I said contains allegations and not facts that opposition to summary judgment was seven pages total with one page of argument and then the 32 page affidavit that we have in these proceedings looking at the affidavit looking at the complaint I think at first glance one believes she may have been pro se and we should help her out on these allegations she's been represented all along even from that second EEO that she settles in the fall of 2008 on that settlement you have a signature of an attorney so she's been represented and then going back of course to Judge Kavlage's observation we're not required to wade through the record to pick out the facts the district court judge has really waded through government has waded through this court may have waded through as well and the evidence is just not there just a couple of points going back to the discovery issue I was not the attorney in that case so in terms of discovery being limited it may have been different had I been the attorney but I wasn't in any event the point of this case overall is what does retaliation mean in the context of a civil rights claim and I think the last report really gets it what Ms. Dean-Liss is trying to get to and I'm not sure what pages is in the F3 edition but it does say the real social impact of workplace behavior often depends on a constellation of surrounding circumstances expectations and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed by  individual in the case. So that's one reason I believe that summary judgment is just not appropriate in a case like this. Let me ask a question about the hostile work environment claim. As I read Judge Murphy's opinion, one of the grounds on which the EEO activity had caused the alleged hostile work environment, your brief seems to overlook that. Your brief says that the district court ended its analysis when it concluded that there wasn't evidence of the hostile work environment but I read the court's opinion to say there's no evidence of causation either. I'd like to get your sense of whether that's a fair reading. And secondly, I don't see any reference in your brief on appeal to any evidence of causation. So I just want to get some clarity about what your argument with respect to that element of your claim. Well, the argument is that if the district court had any basis to make that conclusion and... So what is the  that these things were caused by retaliation? Because they didn't, none of the things that she complains of is that the  plaintiff told her that there was a plan to retaliate against her and he was not going to be part of it. So to the extent that that is a believable, you know, if it's a credible statement from Lieutenant Wingery, then I think it's reasonable to conclude that different things that happened to the plaintiff after that point were in fact retaliation and the only reason why they could be construed as retaliation is because she filed an EEOC claim that was successful in the sense that it was settled and she got certain things that the plaintiff    retaliate against her. So that's the basis of it and then you just have to look at the atmosphere that went on since her first discrimination claim back in 2004 and I did want to make a comment about the settlement in 2008. The reassignment stayed even though that may have been an issue. She was still in that position and part of the problem was and I wasn't involved in that particular charge but for some reason she lost a number of sick pay hours, a substantial amount like 140 hours so and that was restored to her. That was like the biggest basis of the settlement in 2008 but nothing happened with respect to the reassignment. She wasn't given another job or taken out of that. In terms of can hostile things or retaliatory actions happen while a person is on leave, yes. She was put on leave without pay for absolutely no reason and one more second I just want to talk about Carr. He may not have, I don't know what he knew about her claims but everybody else, his supervisors, the HR department, everybody knew that she had been involved in a very complicated case. So we will give it our full consideration. Thank you for the arguments. That concludes the argument cases this morning. Court is